**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CHARLES R. KINKAID, JR., | No. 20-35581 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-05867-RJB-JRC |
| v. | |
| THURSTON COUNTY SHERIFF, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted April 16, 2021**
Seattle, Washington

Before: GRABER and CALLAHAN, Circuit Judges, and SELNA, Senior District
Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. 34(a)(2).

*** The Honorable James V. Selna, Senior District Judge for the Central District of California, sitting by designation.

1

Charles R. Kinkaid, Jr., timely appeals the district court's dismissal of this declaratory-judgment action against Thurston County Sheriff and the United States of America, in which Kinkaid seeks a judgment that 18 U.S.C. § 922(g)(8) does not apply to him. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court correctly held that § 922(g)(8) prohibited Kinkaid from receiving a concealed pistol license because he is subject to a permanent protection order issued in September 1996. Contrary to Kinkaid's arguments, the order "was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate." 18 U.S.C. § 922(g)(8)(A). The record clearly establishes that he received "actual notice," because he requested to be present at the hearing. "The statute does not require notice of the fact that a restraining order would issue, nor does it require any other form of 'advance' notice." *United States v. Young*, 458 F.3d 998, 1006 (9th Cir. 2006)

The record also demonstrates that he "had an opportunity to participate" in the hearing, because he was able to submit written documents to the court pertaining to the hearing. Actual participation is not necessary, because "the statute requires only the mere '*opportunity* to participate.'" *Id.* at 1009 (quoting 18 U.S.C. § 922(g)(8)(A)). That requirement is a "minimal one." *Id.*; *see also id.* at

2

1003 ("[a]n opportunity to respond is afforded when a party has the opportunity to present reasons, either in person or in writing, why proposed action should not be taken." (internal quotation marks omitted)). Although Kinkaid did not attend, the September 1996 hearing was "a proceeding during which the defendant *could* have objected to the entry of the order or otherwise engaged with the court as to the merits of the restraining order." *Id.* at 1009.

Nothing in the record suggests that Kinkaid's absence at the hearing deprived him of a meaningful opportunity to participate. For example, Kinkaid has not alleged that he sought reconsideration or a new hearing on the ground that he was absent and therefore lacked the ability to participate. To the contrary, the next month, Kinkaid sought, and was granted, a modification to the order.

**AFFIRMED.**